FRANKLIN PARMELEE, Appellant, *v.* ANSON ROGERS, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

An action of assumpsit will lie to recover money deposited with a stakeholder, upon a wager to trot horses, he having promised to pay the same to the demandant, the race not having taken place.

THIS action was assumpsit, brought by Rogers against Parmelee, to the November term, A. D. 1860, of the Superior Court of Chicago.

The declaration contains all the common counts in the usual form, but does not conclude *contra formam statuti.*

The defendant plead the general issue to the whole declaration, and a special plea, as follows:

And the said defendant, for a further plea in this behalf, as to all and each and every of the causes of action, and sums of money in said declaration mentioned, except the sum of twelve hundred dollars hereinafter mentioned, says that he did not undertake or promise in manner and form as the said plaintiff hath above thereof complained against him, and of this the said defendant puts himself upon the country. And as to the said sum of twelve hundred dollars above excepted, the said defendant says *actio non*, because he says, that before the commencement of this suit, and on, to wit, the 25th day of August, A. D. 1859, to wit, at Chicago, in said county, the said plaintiff made and entered into an agreement in writing, in the words and figures following, that is to say:

"GARDEN CITY TRACK, *Aug.* 25, 1859.

"Anson Rogers bets P. R. Morgan that 'Honest Anse' can beat P. R. Morgan's 'Louisa Utley,' over the 'Garden City Course,' six weeks from to-day, a trotting race of twenty miles, to harness, for five thousand dollars a side, for which there is two hundred a side up, in E. Moore's hands, as forfeiture for the putting up of one thousand dollars more in ten days from to-day, making in all twelve hundred dollars a side as forfeiture, the balance to be put up on the day of the race. When the one thousand dollars is put up, it is all to be placed in the hands of Frank Parmelee—and he is to be the final stakeholder.

"ANSON ROGERS.
"P. R. MORGAN."

And the said defendant further says, that afterwards, and within the time in said agreement mentioned, and in pursuance thereof, the said plaintiff and the said P. R. Morgan each placed in the hands of said Moore the sum of one thousand dollars, so to be put up within ten days from the time of the making of

said agreement as aforesaid, in addition to the said sum of two hundred dollars already placed in the hands of said Moore, by the said respective parties to the said agreement; that afterwards, to wit, on the 13th day of September, A. D. 1859, to wit, at Chicago aforesaid, the said Moore, in pursuance of said agreement, placed the said moneys, being twelve hundred dollars, by each of said respective parties so placed in his hands as aforesaid, (and amounting in all to twenty-four hundred dollars,) into the hands of the said defendant, to hold as twelve hundred dollars on a side, as such forfeiture in said agreement mentioned and provided. And the said defendant further says, that afterwards, to wit, on the day and at the place in said agreement mentioned for the trotting of said race, the said P. R. Morgan, further in pursuance of said agreement, put into the hands of said defendant a sum, in addition to said twelve hundred dollars, sufficient to make the whole sum on his side amount to five thousand dollars, and was then and there ready, with the said 'Louisa Utley,'. and willing to perform the said race, and to keep and perform, and did then and there keep and perform, the said agreement, in all respects to be kept and performed on his part; but the said plaintiff, then and there, and at all times thereafter, wholly failed and neglected, and refused to appear on said race course, or to produce the said 'Honest Anse,' or to perform the said race, and then and there wholly failed to keep and perform the said agreement in the putting up of the further sum necessary to make the amount on his side five thousand dollars, or to put up any sum in addition to said twelve hundred dollars, so put up as a forfeiture as aforesaid; that by reason of the premises, the said defendant says that the said sum of twelve hundred dollars, so put up by the said plaintiff as such forfeiture on his side as aforesaid, became and was then and there forfeited to the said P. R. Morgan; and the said defendant, under and by virtue of the said agreement, was then and there authorized and required to pay over said last mentioned twelve hundred dollars to the said Morgan, and, being so authorized and required so to do, then and there did pay the same over to said Morgan; and this he is ready to verify, etc.

To which plea the said plaintiff replied:

First, That after the making and signing the said agreement in said plea mentioned, and before the time specified for trotting the race therein mentioned, and before the commencement of this suit, to wit, on the 15th day of September, 1859, the plaintiff demanded of and requested said defendant to pay to him, the said plaintiff, the said sum of twelve hundred dollars which had been placed in the hands of said defendant by said

plaintiff as forfeit money, and as and for a portion of the wager on the part of plaintiff specified in and in accordance with said agreement in said plea mentioned, which said sum was then and there in the hands and possession of said defendant, but the defendant refused to pay over the same to plaintiff; that the said agreement was executed in the county of Cook and State of Illinois, as and for a wager upon and for a horse-race then and there in and by said agreement intended and agreed to be had, performed and to take place within the said county—wherefore plaintiff says that the said agreement in said last plea mentioned was and is wholly and entirely void and of no binding force whatever; and this he is ready to verify, etc.

Secondly, That the said Morgan did not, at the time in said agreement mentioned nor at any other time, put up the balance of said money in said agreement specified, and was not, at the time specified in said agreement for trotting said race, ready, and did not trot said race, nor cause the same to be done, according to the terms of said agreement; and concluded to the country.

The defendant rejoined that the plaintiff did not at any time before the trotting the said race, make any demand of the said money; and concluded to the country.

In June, 1860, the case was tried before the court and a jury.

The bill of exceptions shows that on the trial the plaintiff read in evidence the contract set out in the defendant's special plea, and also a stipulation made in the cause by the attorneys of the respective parties, as follows:

" It is hereby stipulated, that on the 22nd day of September, 1859, before the time provided in the defendant's special plea for trotting the match in said agreement mentioned, the plaintiff caused a demand to be made upon defendant for the sum of twelve hundred dollars put up under said agreement; that said defendant refused to pay over the said twelve hundred dollars to plaintiff, the defendant having the same in his hands at the time of such demand, and that proof of such demand and refusal is hereby dispensed with."

The plaintiff, further to sustain the issues on his part, read to the jury the deposition of *Platt Eycleshemer,* who testified as follows:

That he resided in Janesville, Wisconsin, and his occupation was that of keeping a meat market; that he knew the parties to the suit; that he saw the plaintiff and defendant together last fall, in Chicago, about the 21st of September, on the sidewalk opposite Mr. Parmelee's office; don't think there was any one present except Rogers, Parmelee and myself; heard a conversation between plaintiff and defendant at the time I saw

them together; Mr. Rogers asked me to go with him to see Parmelee; Rogers told Parmelee that he had come to demand twelve hundred dollars of him that he (Rogers) had put in his (Parmelee's) hands, and that he (Rogers) would not trot the race. Mr. Parmelee told Rogers he did not want to hold the stakes; that he was afraid there would be trouble about the race; and that he had put the money in the bank, and the bank was closed, and that if Rogers would come the next day, after the bank opened, he would give him his twelve hundred dollars; that he was glad to get rid of it, and that he would not suffer himself to be sued in a case where he had no interest or defense. Rogers made a demand of Mr. Parmelee of twelve hundred dollars that Rogers said he had put in his (Parmelee's) hands as a stakeholder, and Parmelee said he had it, and said he would give it up to Rogers in the morning, when the bank opened. This conversation occurred at the time and place fixed in my answer to the third interrogatory.

Here the plaintiff rested his case.

It appeared in evidence, that just six weeks after date of contract, the balance of the money was put up by Morgan into defendant's hands. The race was to come off six miles from Chicago. Morgan produced his mare; Morgan's mare was brought out; judges were picked out by the stakeholder, according to the rules of the track; plaintiff was not there, nor his horse.

The court instructed the jury on behalf of plaintiff, thus:

"If the jury believe, from the evidence, that the plaintiff, with one P. R. Morgan, entered into an agreement to trot a horse race, and to bet money on the same, and in pursuance of said agreement, the plaintiff deposited the money in question with the defendant, as the stakeholder upon such race, and afterwards, and before the time fixed for the said race to come off, the said plaintiff disaffirmed such agreement, and, before the time fixed for the race to come off, and before the contest or race actually occurred, demanded of the defendant the money so deposited with him by the plaintiff, then the jury should find a verdict for the plaintiff."

To the giving of which, the defendant excepted.

The defendant's counsel then asked the court to give the following:

That it being admitted, in the pleadings in this case, that the defendant had paid the money in question over to the winner, the statute of this State gives the plaintiff a right to recover the same back of the winner, but gives no right of action against the stakeholder.

But the court refused to give the same as asked, and modified and gave the same, as follows:

" That it being admitted, by the pleadings in this case, that the defendant had paid the money in question over to the winner, the statute of this State gives the plaintiff a right to recover the same back of the winner, but gives no right of action against the stakeholder. This is the law, where the money was paid over without notice; but where the depositor demanded his money back from the stakeholder before the determination of the bet or wager, he became thereby entitled to recover back his stake; and if in this case the plaintiff demanded back his deposit from the stakeholder before the event of the bet or race, he is entitled to recover back his stake or deposit."

The defendant's counsel further asked the court to instruct the jury as follows:

If the jury believe, from the evidence, that on the day mentioned in the contract given in evidence, the said P. R. Morgan, in pursuance of the agreement, put into the hands of the defendant a sum, in addition to the twelve hundred dollars, sufficient to make the whole sum five thousand dollars, and was then and there ready and willing to perform the said race, and kept and performed the said contract on his part, then the jury will find the issue, in that behalf, for the defendant.

If the jury believe, from the evidence, that all the facts set forth in the defendant's special plea are true, and that the same are sustained by proof, then the plaintiff is entitled to a verdict in his favor, on said plea.

The court refused to give either of said last mentioned instructions.

The jury found a verdict for the plaintiff, and assessed his damages at twelve hundred dollars.

The defendant moved for a new trial, which the court overruled.

Judgment was rendered upon the verdict, and an appeal prayed, which was allowed.

Appellant assigns for error:

That the court erred in giving the instructions aforesaid on behalf of the plaintiff.

The court erred in refusing the second instruction asked on behalf of the defendant, and for modifying that firstly asked.

The court erred in overruling the motion for a new trial, and rendering judgment in favor of plaintiff against the defendant.

The declaration is bad, for want of the allegation, " contrary to the form of the statute."

SCATES, MCALLISTER & JEWETT, for Appellant.

G. W. CUMMING, for Appellee.

BREESE, J. We do not think any of the points made by the plaintiff in error available, or sufficient to reverse this judgment.

The case is a very plain one. The action of assumpsit for money had and received is given, expressly, by statute. (Scates' Comp. 294.)

The proof shows the race was not run, and before the time appointed for the race, Rogers demanded his deposit, which Parmelee promised to pay when the bank should open the next day, but afterwards, without any cause, refused to pay.

The judgment is affirmed.

*Judgment affirmed.*